UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SILVIA REGINA CARRANZA,

                Petitioner,                Case No. 1:14-cv-904

v.                                        Honorable Paul L. Maloney

STATE OF MICHIGAN,

                Respondent.

_____/

## **OPINION**

       This is a habeas corpus action brought by a pretrial detainee pursuant to 28 U.S.C. § 2241.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.[1]  If so, the petition must be summarily dismissed.  *Id.*; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because its claims are premature or are not cognizable in this action.

---

[1]Though this petition is subject to § 2241 rather than § 2254, the Court may apply the Rules Governing § 2254 Cases to any petition seeking habeas corpus relief.  *See* Rule 1(b), Rules Governing § 2254 Cases.  Thus, the Court may apply Rule 4 to this case.

**Factual Allegations**

Petitioner Silvia Regina Carranza asserts that she is awaiting trial on charges of domestic violence and driving without a license.   Though the basis for her petition is difficult to discern from her pleadings, Petitioner apparently claims the following: she was falsely arrested; the charges against her are false; she did not receive adequate notice of a hearing; she did not receive the assistance of an attorney at her arraignment; the trial court rescheduled her trial date; government officers illegally obtained evidence against her through trespass, invasion of privacy, improper video recording and violation of wiretap laws; evidence obtained by the government has been altered; and Cass County officials did not conduct an adequate investigation into her case and mishandled evidence.   She also claims that she was assaulted and injured in connection with a previous incarceration on April 13, 2014.

As relief, Petitioner seeks release from detention, dismissal of the charges against her, and damages for the injuries she has sustained.

**Discussion**

Petitioner has not yet been convicted by a state court.   Although § 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."   *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).   "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances."   *Id.*   Federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances."   *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).   The

-2-

Court of Appeals for the Sixth Circuit has found that a federal court may consider a pretrial habeas corpus petition when the petitioner has exhausted her available state court remedies and seeks a speedy trial, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).  None of the aforementioned exceptions fits the present case.

Additionally, Petitioner has not alleged that she has exhausted her state-court remedies.  She contends that she has filed various motions in the trial court, though she does not indicate what issues were raised in her motions.  Moreover, she is still awaiting a ruling on some her motions.  The federal courts have developed a common-law doctrine of exhaustion to allow the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process.  *Atkins*, 644 F.2d at 546.  The practical effect of this exhaustion requirement is that review of most claims in habeas is not available before a state trial and appeal of the final judgment at every level of the state-court system.  Petitioner's claims regarding the allegedly false charges and the evidence against her, as well as her claims regarding the adequacy of her criminal proceedings and the lack of representation by counsel, may be resolved in state court as part of her trial proceedings, or upon appeal of a final judgment to the state courts. Accordingly, her habeas corpus petition is premature.

Petitioner's other claims regarding assault, trespass, invasion of privacy, and any injuries that she sustained in connection with a previous incarceration are not properly raised in a habeas corpus petition.  A habeas corpus action is appropriate when the petitioner challenges the

-3-

very fact or duration of her present confinement and the relief sought is a determination that she is entitled to immediate or a speedier release from that confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Habeas corpus is not available to prisoners complaining about mistreatment that does not relate to the "legality of the petitioner's confinement," or "to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)); *see also Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (affirming dismissal of a petition that did not challenge the "term or validity" of the petitioner's confinement). The fact that Petitioner was assaulted, suffered a trespass and invasion of privacy, or sustained injuries in connection with a previous incarceration, does not undermine the legality of her present confinement. Moreover, Petitioner may not obtain damages in this action for any of the foregoing claims because damages are not available under § 2241. *See Preiser*, 411 U.S. at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Accordingly, the latter claims are not cognizable in this action.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice because its claims are premature or are not cognizable in this action.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action is a determination that the habeas action, on its face, lacks sufficient

merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus
indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has
already determined that the action is so lacking in merit that service is not warranted.  *See Love v.
Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss
and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where
court summarily dismissed petition but granted certificate); *Dory v. Comm'r of Corr. of New York*,
865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas
action does not warrant service); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)
(issuing certificate would be inconsistent with a summary dismissal).

        The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of
a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district
court must "engage in a reasoned assessment of each claim" to determine whether a certificate is
warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme
Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this
Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at
484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists
would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A
petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented
are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327
(2003). Furthermore, when a habeas petition is denied on procedural grounds, a certificate of
appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find
it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that

-5-

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   September 11, 2014          /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge